IN THE UNITED STATES BANKRUPTCY COURT FOR THE
WESTERN DISTRICT OF MISSOURI

IN RE:                                           )
                                                 )
CARROLL GENE HICKS and                           )     Case No. 06-60003
TERESA KATHLEEN HICKS,                           )
                                                 )
           Debtors.                              )

ORDER SUSTAINING, IN PART, TRUSTEE'S OBJECTION
TO EXEMPTIONS IN 2000 CADILLAC ESCALADE

The Chapter 7 Trustee objects to the Debtors' claimed exemptions in a 2000 Cadillac Escalade on the ground that any equity in the car resulted from his powers under 11 U.S.C. § 544 and, therefore, the Debtors cannot claim an exemption pursuant to 11 U.S.C. § 522(g). The Debtors respond to the Trustee's Objection, asserting that there was no perfected lien on the car in the first place, so the equity did not result from the Trustee's strong arm powers. For the reasons that follow, I will sustain the Trustee's Objection, in part.

The Debtors filed their voluntary Chapter 7 Petition on January 5, 2006. In their Schedules, they list as an asset a 2000 Cadillac Escalade valued at $20,575. They claim exemptions of $3,000 and $989.85 under §§ 513.430.1(5) and 513.430.1(3) of the Missouri Statutes,[1] respectively. They also list an unsecured, nonpriority debt to HSBC Auto Finance of $18,840, indicating that the debt was incurred in June of 2005 and that the consideration for the debt was the 2000 Cadillac Escalade.

From the statements of counsel at the hearing on the Trustee's Objection, the parties appear to concede (i) that the Debtors financed the purchase of the Escalade through a bank,

---

[1] Mo. Stat. Ann. §§ 513.430.1(5) and (3).

apparently HSBC Auto Finance; (ii) that HSBC is in possession of loan documents, signed by the Debtors, evidencing a loan and a security interest in the Escalade; and (iii) that HSBC paid off GMAC who was the prior lienholder noted on the title, but (iv) that HSBC failed to perfect its lien under Missouri law. Thus, it appears, the parties concede that HSBC has an unperfected lien against the Escalade.[2]

>Section 522(g) provides:
>
>Notwithstanding sections 550 and 551 of this title, the debtor may exempt under subsection (b) of this section property that the trustee recovers under section 510(c)(2), 542, 543, 550, 551, or 553 of this title, to the extent that the debtor could have exempted such property under subsection (b) of this section if such property had not been transferred, if –
>
>>(1)(A) such transfer was not a voluntary transfer of such property by the debtor; and
>>
>>(B) the debtor did not conceal such property; or
>>
>>(2) the debtor could have avoided such transfer under subsection (f)(1)(B) of this section.[3]

Under this provision, a debtor may not claim an exemption in property or equity coming into the estate by virtue of the trustee's enumerated powers, unless the transfer was not concealed and was not voluntary (such as by garnishment or repossession, for example), or the debtor could have avoided the transfer himself under § 522(f)(1)(B). Neither of these exceptions to § 522(g) applies in this case. And, although § 522(g) does not refer to specifically to §

---

[2] As discussed more fully below, the distinction between whether HSBC has an unperfected lien, versus no lien at all, is an important distinction in this analysis.

[3] 11 U.S.C. § 522(g).

544, it is well established that § 522(g) applies to property recovered by a trustee pursuant to § 544's strong arm powers.[4] That is so because § 522(g) refers to "property recovered" by the trustee pursuant to § 551, which provides specifically that any transfer avoided under § 544 is preserved for the benefit of the estate. The granting of a lien to HSBC by the Debtors was a transfer which has been avoided by the Trustee.

The Debtors assert that there was no perfected lien against the Escalade because HSBC failed to have it noted on the title and that, because the Trustee has not taken affirmative action under any of the statutory provisions listed in § 522(g), the Trustee did not "recover" the Escalade for the benefit of the estate. Thus, the Debtors assert, § 522(g) is not applicable at all, and they may claim an exemption in the Escalade in the same way they could with any other unencumbered property exemptible under the Missouri statutes.

The Trustee responds that he could, and is willing to, take steps to avoid the lien on

---

[4] *Accord In re Arzt*, 252 B.R. 148, 141-42 (B.A.P. 8th Cir. 2000) (holding that § 522(g) is applicable to property recovered by the trustee via § 547 and § 551; the voluntariness of the transfer being the key factor) (*citing Kaler v. Letcher (In re Wegner)*, 210 B.R. 799 (Bankr. D. N.D. 1997), *aff'd,* 162 F.3d 1166 (1998) (Table) (holding that § 551 preserves the avoided transfer or lien to the estate); *Fox Hill Office Invs. Ltd. v. Mercantile Bank (In re Fox Hill Office Invs., Ltd.)*, 101 B.R. 1007, 1023 (Bankr. W.D. Mo. 1989) (same); *In re Scott*, 2000 WL 122360 at *1 (Bankr. N.D. Iowa Jan. 3, 2000) (holding that if a debtor had voluntarily granted a security interest that was later avoided, the debtor was not entitled to exempt the interest recovered); *Schieffler v. Beshears (In re Beshears)*, 182 B.R. 235, 240 (Bankr. E.D. Ark. 1995) (holding that debtors cannot claim an exemption in a homestead after trustee avoided the transfer of the property as a fraudulent conveyance because the transfer by the debtors was voluntary); *In re Flitter*, 181 B.R. 938, 941 (Bankr. D. Minn. 1995) (stating that where a debtor granted a consensual security interest in property later recovered by the trustee, the debtor voluntarily parted with the value and, thus, he cannot use § 522(g) as the basis for a claim of exemption)). *See also Tavenner v. Smoot (In re Smoot),* 265 B.R. 128, 141-42 (Bankr. E.D. Va. 1999), *aff'd* 257 F.3d 401 (4th Cir. 2001), *cert. denied* 534 U.S. 1116, 122 S.Ct. 926, 151 L.Ed.2d 890 (2002) (holding that § 522(g) provides the conditions under which the debtor may exempt property that the trustee recovers under §§ 544 and 550).

3

the Escalade, but, apparently, he has not been required to because HSBC concedes its lien is not perfected.

According to the Ninth Circuit Court of Appeals, the word "recovers," as used in § 522(g), does not necessarily require a formal adversary action or proceeding; rather, the ordinary meaning of the word suggests that a trustee may "recover" property in a number of ways, including by merely using the threat of avoidance powers to induce a debtor or transferee to return the property to the estate.[5] "The purpose of § 522(g) is to prevent a debtor from claiming an exemption in . . . property which was transferred in a manner giving rise to the trustee's avoiding powers, where the transfer was voluntary or where the transfer or property interest was concealed."[6] In *In re Glass*, the Ninth Circuit said it is not necessary for the court to order the transfer avoided; rather, it is sufficient for the trustee to state his intention as to the lien in an objection to the debtor's claimed exemption under § 522(g). In other words, according to the Ninth Circuit, "[t]he filing of the objection containing the threat to use avoidance powers which resulted in the reconveyance of the property to the estate was 'some action'" taken by the trustee to recover the property.[7]

In another case, *In re Ulrich*,[8] the debtor argued that because he never executed a security agreement granting the bank a security interest in a vehicle, there was no lien for the

---

[5] *In re Glass*, 60 F.3d 565, 568 (9th Cir. 1995).

[6] *Id.*

[7] *Id.* at 569 (*citing In re Snyder*, 108 B.R. 150, 154 (Bankr. N.D. Ohio 1989)).

[8] 203 B.R. 691, 693-94 (Bankr. C.D. Ill. 1997).

trustee to avoid and § 522(g) was inapplicable. The court in that case disagreed, however, stating that, although the bank failed to properly perfect its lien, the important point was that the bank asserted a lien, the debtors listed the bank as a secured creditor, and the title to the vehicle indicated the bank had a lien.[9] Further, it did not matter that it was originally the debtor who attacked the validity of the lien after the bank moved for relief from stay, because the trustee followed up on the issue, had the purported lien avoided, and "recovered" the vehicle for the benefit of the estate.[10]

I agree with the conclusion reached by the courts in *Glass* and *Ulrich*, and hold that a trustee need not take formal action to "recover" property for the benefit of the estate. Under § 544, if a creditor has a security interest, but its lien is not perfected, the trustee automatically steps into a position having priority over the creditor. As one court has explained:

> In effect, the Bankruptcy Code grants [the] Trustee greater rights than the Bank had against Debtor's vehicle outside bankruptcy. [The] Trustee's strong-arm powers under § 544 allow him to preserve the value of an unperfected lien for the benefit of the bankruptcy estate. Debtor's pre-petition rights remain the same post-petition as she had voluntarily granted the lien, even though the Bank had failed to perfect it. The Bank's rights are also preserved as its lien was not perfected and therefore not effective against subsequently perfected liens. [The] Trustee has the rights of a creditor with a later-perfected lien. The Code allows the Trustee to avoid the unperfected lien and distribute the proceeds equally to all unsecured creditors of the bankruptcy estate.[11]

---

[9] *Id*.

[10] *Id.*

[11] *In re Vbuelow*, 287 B.R. 446, 448-49 (Bankr. N.D. Iowa 2002).

Sometimes, the trustee is required to take affirmative and formal action to force the unperfected lienholder to recognize this reality, but in some cases, where the lien is patently unperfected, the creditor will yield to the trustee without much effort on the part of the trustee. I agree with those courts that have held that such property comes into the estate pursuant to the trustee's powers, even if the trustee seems relatively passive in causing that to happen. In effect, so long as the trustee asserts the estate's interest in the property when faced with an unperfected or otherwise avoidable lien, the property has been recovered by the trustee, and the debtor may not claim such property as exempt.

The key to this analysis is the underlying principle that a debtor should not be able to claim an exemption in property that the debtor voluntarily transferred to another party, by granting a security interest or otherwise.[12] If, outside of bankruptcy, the creditor would have a valid lien, that lien would be enforceable against the debtor regardless of when, or whether, such lien was perfected. Section 522(g) means that the debtor is not allowed to reap a windfall benefit just because the lien which the debtor granted was not perfected by the creditor, or not perfected timely. Thus, if the lien was enforceable by the creditor outside bankruptcy, the debtor may not claim the resulting equity as exempt. If the lien were not enforceable outside bankruptcy, then there would be no transfer to avoid by the trustee, and the debtor could claim an exemption as they would any other unencumbered exemptible property. But that is not the case here since the parties appear to agree that HSBC had a

---

[12] *See In re Arzt*, 252 B.R. at 141-42 (holding that the key point is the voluntariness of the transfer).

valid, but unperfected, lien.

Finally, where the debtor did grant a security interest in property, the debtor's rights are not determined by whether the trustee actually was forced to bring an action to "recover" the property for the benefit of the estate. Otherwise, in a case such as this one, the trustee would always be required to file an adversary action against the creditor to do so. Requiring trustees to do so, when the creditor concedes that it has an unperfected lien, would result in unnecessary litigation and serve no useful purpose. Therefore, the trustee need only take such steps as are necessary to either have the creditor concede its lien is unperfected or otherwise avoidable, or to obtain a judgment so finding.

Consequently, because I find that the Trustee "recovered" the equity that had been encumbered by HSBC's lien for the benefit of the estate, the Debtors cannot claim exemptions in that equity. However, according to the schedules, the Escalade is worth $20,575, and HSBC's debt is $18,840. Accordingly, since there was no contrary evidence as to the debt due HSBC, the Trustee recovered only the $18,840 for the benefit of the estate. The remainder, $1,735, represents equity that existed regardless of the Trustee's powers and it is, therefore, exemptible.

ACCORDINGLY, for the foregoing reasons, the Trustee's Objection to Exemptions is SUSTAINED in part. The Debtors are entitled to claim exemptions totaling $1,735 in the 2000 Cadillac Escalade.

IT IS SO ORDERED.

/s/ Arthur B. Federman
Bankruptcy Judge

Date: May 9, 2006

Copy to: Jon Gold
         J. Kevin Checkett